# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON HILL, individually and on behalf of other persons similarly situated,<br><br>Plaintiff<br><br>v.<br><br>GENUINE PARTS COMPANY dba Napa Auto Parts, and DOES 1-100,<br><br>Defendants | CASE NO. 1:18-CV-1550 AWI SAB<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 4) |

This is a putative class action lawsuit brought by Plaintiff Brandon Hill against his former employer, Defendant Genuine Parts Company ("NAPA"). NAPA removed this case pursuant to the Class Action Fairness Act from the Fresno County Superior Court. Plaintiff alleges six claims under the California Labor Code and one claim under the California Business & Professions Code. Currently before the Court is NAPA's Rule 12(b)(6) motion to dismiss the seventh cause of action for violation of California Labor Code § 2698 et seq. (The Private Attorney General's Act ("PAGA")). For the reasons that follow, the motion will be granted.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory.  See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ."  Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016).  However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities.  Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

**GENERAL BACKGROUND**

From the Complaint, Hill was an employee at a NAPA store in Fresno County until June 16, 2017.  Hill stocked and restocked automotive parts.  Hill was required to put on protective gear before clocking in, was required to take off protective gear after clocking out, and was required to take off and put on protective gear before and after meal periods.  Hill worked eight to ten hour shifts and did not receive timely or lawfully compliant meal and rest breaks.  Hill also did not receive timely separation pay, and was not paid fully for all time worked.

2

# DEFENDANT'S MOTION

*Defendant's Argument*

NAPA argues that the longest possible limitations period for a PAGA claim is 430 days. However, the time between Hill's last day of employment and the filing of this lawsuit exceeds 430 days. Because the PAGA claim is barred by the applicable statute of limitations, it should be dismissed with prejudice.

*Plaintiff's Opposition*

Plaintiff filed no opposition or response of any kind to NAPA's motion.

*Discussion*

The statute of limitations period for a PAGA claim is one year. Cal. Lab. Code § 340(a); Brown v. Ralphs Grocer Co., 28 Cal.App.5th 824, 839 (2018). However, before a PAGA claim may be pursued in court, a plaintiff must exhaust administrative remedies by filing a complaint with the employer and the Labor and Workforce Development Agency ("LWDA"). See Cal. Lab. Code § 2699.3; Thurman v. Bayshore Transit Mgmt, Inc., 203 Cal.App.4th 1112, 1148-49 (2012). The one-year statute of limitations is tolled from the time that the LWDA received the complaint to the time that the LWDA decides whether to pursue and prosecute the plaintiff's claim. See Cal. Lab. Code § 2699.3(d); Culley v. Lincare, Inc., 236 F.Supp.3d 1184, 1191 (E.D. Cal. 2017); Crosby v. Wells Fargo Bank, N.A., 42 F.Supp.3d 1343, 1346 (C.D. Cal. 2014). Because the LWDA has up to 65 days to decide whether to prosecute, PAGA's one-year statute of limitations may be tolled for up to 65 days. See Cal. Labor Code §§ 2699.3(a)(2), (d); Watson v. Tennant Co., 2018 U.S. Dist. LEXIS 178732, *4-*5 (E.D. Cal. Oct. 17, 2018).

Here, Hill's employment ended on June 16, 2017. Giving him the benefit of the 65 days of tolling, Hill had until August 20, 2018, in which to bring a PAGA claim. However, Hill did not file this lawsuit until October 2, 2018. See Document 1-1 at Ex. C. From the face of the Complaint, Hill's PAGA claim violates the one-year statute of limitations. In the absence of an opposition, the Court can only conclude that Hill agrees that his claim is untimely and that amendment would be futile. Therefore, the Court will dismiss Hill's PAGA claim with prejudice. See Crosby, 42 F.Supp.3d at 1346.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (Doc. No. 4) is GRANTED;
2. Plaintiff's seventh cause of action is DISMISSED with prejudice; and
3. Within ten (10) days of service of this order, Defendant shall file an answer.

IT IS SO ORDERED.

Dated: February 25, 2019

_____
SENIOR DISTRICT JUDGE