# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON HILL, individually and on behalf of other persons similarly situated,**<br><br>**Plaintiff**<br><br>v.<br><br>**GENUINE PARTS COMPANY dba Napa Auto Parts, and DOES 1-100,**<br><br>**Defendants** | CASE NO. 1:18-CV-1550 AWI SAB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 4) |

This is a putative class action lawsuit brought by Plaintiff Brandon Hill against his former employer, Defendant Genuine Parts Company ("NAPA"). Hill alleges violations of the California Labor Code[1] and California Business & Professions Code § 17200. NAPA removed this case pursuant to the Class Action Fairness Act from the Fresno County Superior Court. Currently before the Court is Napa's Rule 12(b)(6) motion to dismiss and Hill's Rule 15 motion to amend. Both motions were taken under submission in May 2019.

After further review, the Court has jurisdictional concerns. Napa's Rule 12(b)(6) motion is based on Hill's acceptance of a settlement and full release of all his claims against Napa. No class certification has occurred, nor has a motion for class certification been filed. In the Ninth Circuit, a "suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified."

---

[1] Hill alleges claims for failures to: pay minimum wages, pay overtime wages, provide legally compliant rest and meal periods, pay timely wages upon cessation of employment, and furnish accurate wage statements.

Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 924 (9th Cir. 2007); see also Bernor v. Takeda Pharms. Am., Inc., 2018 U.S. Dist. LEXIS 13248 (C.D. Cal. Jan. 25, 2018). Although it appears that the parties contemplated a new complaint with a new named plaintiff after the settlement had been agreed to, jurisdiction cannot be created by agreement nor can the absence of jurisdiction be waived. Guzman-Andrade v. Gonzales, 407 F.3d 1073, 1077 (9th Cir. 2005); see also Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 n.1 (9th Cir. 1993). Given *Employers-Teamster*'s general rule and the prohibition against jurisdiction by agreement, the Court finds that its advisable for the parties to brief whether this case has become moot, thereby depriving the Court of subject matter jurisdiction.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. On or by 1:00 p.m. on July 19, 2019, the parties shall submit briefing regarding whether this case is moot/whether this Court has subject matter jurisdiction, in light of Plaintiff's settlement; and

2. On or by 1:00 p.m. on July 26, 2016, the parties shall file responses to the supplemental briefing.[2]

IT IS SO ORDERED.

Dated:  July 10, 2019                 _____
                                       SENIOR DISTRICT JUDGE

---

[2] If, after reviewing the parties' additional briefing, the Court determines that a hearing would be helpful, the Court will set a hearing date at that time. Otherwise, the Court will decide the pending motions in light of the additional briefing and without oral argument.

2