# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON HILL, individually and on behalf of other persons similarly situated,**<br><br>Plaintiff<br><br>v.<br><br>**GENUINE PARTS COMPANY dba Napa Auto Parts, and DOES 1-100,**<br><br>**Defendants** | CASE NO. 1:18-CV-1550 AWI SAB<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S MOTION TO AMEND, AND DISMISSING CASE<br><br>(Doc. Nos. 16, 18) |

This is a putative class action lawsuit brought by Plaintiff Brandon Hill ("Hill") against his former employer, Defendant Genuine Parts Company ("Napa"). Hill alleges violations of the California Labor Code[1] and California Business & Professions Code § 17200. Napa removed this case pursuant to the Class Action Fairness Act from the Fresno County Superior Court. Currently before the Court is Napa's Rule 12(b)(6) motion to dismiss and Hill's Rule 15 motion to amend. Both motions were taken under submission in May 2019. However, on July 10, 2019, the Court ordered the parties to submit additional briefing regarding this Court's continued jurisdiction over this case. All briefing has now been received. For the reasons the follow, the Court concludes that it no longer has jurisdiction. Therefore, this case will be dismissed, and both motions will be denied.

### *Background*

From the Complaint, Hill was an employee at a Napa store in Fresno County until June 16, 2017. Hill stocked and restocked automotive parts. Hill was required to put on protective gear before clocking in, was required to take off protective gear after clocking out, and was required to take off and put on protective gear before and after meal periods. Hill worked eight to ten hour

---
[1] Hill alleges claims for failures to: pay minimum wages, pay overtime wages, provide legally compliant rest and meal periods, pay timely wages upon cessation of employment, and furnish accurate wage statements.

shifts and did not receive timely or lawfully compliant meal and rest breaks. Hill also did not receive timely separation pay, and was not paid fully for all time worked.

In March 2019, as part of a joint stipulation to extend time to file an answer, the parties informed the Court that Hill had "executed a General Release and Settlement Agreement releasing all of his claims against Defendant such that Plaintiff is no longer an adequate class representative; [Hill] is in the process of preparing a dismissal of the lawsuit as to him; and [Hill]'s attorney anticipates filing a motion seeking to amend the Complaint to substitute another class representative; however, [Napa] does not stipulate to any such motion and /or amended complaint . . . ." Doc. No. 11. The stipulation was approved by the Magistrate Judge. See Doc. No. 12. As part of the order on the stipulation, Hill was given a deadline in which to file a motion for leave to amend the Complaint. See id. After Hill missed the deadline, the Magistrate Judge ordered Napa to file an answer. See Doc. No. 13. Hill then attempted to file an amended complaint, but the amended complaint was stricken by the Magistrate Judge because it was filed without permission from either Napa or the Court and thus, was in violation of Rule 15. See Doc. Nos. 14, 15.

Napa then filed a Rule 12(b)(6) motion to dismiss. See Doc. No. 16. Napa argued that the Complaint should be dismissed because Hill had settled all of his claims against it. See id.

Hill then filed a Rule 15 motion to amend. See Doc. No. 18. Hill argued that he only seeks to substitute Plaintiffs, that the allegations will otherwise remain the same, Napa is not prejudiced, it is common for class representatives to be substituted, and, as the stipulation shows, Napa knew that a motion to amend/substitute was going to be filed. See Doc. No. 18.

After the Court took both the motion to dismiss and the motion to amend under submission, it ordered the parties to submit additional briefing. See Doc. No. 26. The Court ordered the parties to address whether this case had become moot and in particular cited the parties to *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007).

### ***Parties' Arguments***

Napa argues that, per *Employers- Teamsters*, the complete settlement between Hill and Napa prior to class certification has mooted this case. See Doc. No. 28.

2

1 Hill argues that, as reflected in *Nunez v. BAE Sys. San Diego Ship Repair, Inc.*, 292 F.Supp.3d 1018 (S.D. Cal. 2017) and *U.S. Parole Comm'n v. Geraghy*, 445 U.S. 388 (1980), this Court can substitute plaintiffs. Moreover, as recognized by *La Sala v. American Sav. & Loan Assn.*, 5 Cal.3d 864 (1971) and *Larner v. Los Angeles Doctors Hosp. Assocs., LP*, 168 Cal.App.4th 1291 (2008), a grant of individual relief to a named plaintiff does not render the named plaintiff unfit per se to represent the class; the named class representative still has fiduciary obligations to the class and any individual success does not divest him of the duty to continue the action for the sake of the class. Hill also argues that *Employers-Teamsters* is distinguishable because, unlike this case, no motion to amend to add a new class representative was ever filed.

### *Mootness*

It is a fundamental precept that federal courts are courts of limited jurisdiction, and the limits on jurisdiction must not be disregarded or evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). Mootness is a jurisdictional issue. See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc). "[A] case is moot when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). That is, if events subsequent to the filing of the case resolve the parties' dispute, the court must dismiss the case as moot. Pitts, 653 F.3d at 1087. "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Bayer v. Neiman Marcus Grp., 861 F.3d 853, 862 (9th Cir. 2017).

The Ninth Circuit has held that a "suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified." Employers-Teamsters, 498 F.3d at 924; see also Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334, 1336-37 (9th Cir. 1977). Here, the Court requested additional briefing because the parties' March 2019 stipulation shows that Hill resolved all of his claims against Napa through a settlement.

3

Hill argues that the general rule of *Employers-Teamsters* does not apply, and that this case is not moot, because there is now a pending motion to amend which would change the named plaintiff/class representative. However, conspicuously absent is any authority that has found that a motion to amend is an exception to *Employers-Teamsters*. Particularly in the procedural posture of this case, the pendency of a motion to amend is not persuasive. The motion to amend was filed after Hill had executed the Settlement (and after Hill missed a court ordered deadline). At the time the Settlement was executed, there were no outstanding motions of any kind. The Settlement was represented as one involving a general release and resolving all of Hill's claims. See Doc. No. 11. As soon as the Settlement was signed, there was no longer a live dispute or controversy between Hill and Napa; the Court could not have given Hill any further relief.

The federal authority cited by Hill is not persuasive. First, *Nunez v. BAE Sys.* did not discuss or even cite to *Employers-Teamsters*, and, in any event, that case involved a final approval of a class action settlement. The discussion of substitution of a class representative was in the context of a class representative who objected to the terms of a proposed class settlement. See Nunez, 292 F.Supp.3d at 1059. *Nunez* did not involve the settlement of an individual's claims prior to any steps being taken to certify the class. Second, the cited passage from *Geraghty* is from a nonbinding dissenting opinion, not the majority. Although Footnote 8 of Justice Powell's dissenting opinion does recognize that a named class representative can be substituted after her claims become moot, Footnote 8 discusses the ability to substitute such a named plaintiff "after certification." Geraghty, 445 F.3d at 415 n.8 (Powell, J., dissenting). As no steps to certifying the purported class action have occurred, the case at bar does not fit within Footnote 8.

With respect to the state law cases cited by Hill, their application to this case is unclear. "[E]ven in cases arising in the state courts, the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction." DeFunis, 416 U.S. at 316. Prior to *Employers-Teamsters*, the Ninth Circuit discussed the effect on a putative class action when the claims of the named plaintiff have become moot. See Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334 (9th Cir. 1977). In relevant part, *Kuahulu* holds:

> Nor can appellant preserve his continued participation in this suit as a

4

> representative of the class. It is true that one may still represent a class if one's individual claim is moot, provided that one's representation would be adequate. But in order to do so, one must have been a member of the class at the time the class was certified. Since the district court never certified the class, appellant cannot remain in the suit in either his individual or representative capacity.
>
> It is also true that a class action is not automatically moot because the named representative's claim is moot. If the district court had certified appellant's class prior to appellant's own claim's becoming moot, we would not dismiss this appeal for mootness. In such a case, remand to the district court would be appropriate in order to determine whether a substitute representative would be available. But where the class was not certified before appellant's claim became moot, *Board of School Commissioners of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975), requires us to dismiss the entire appeal as moot.

Kuahulu, 557 F.2d at 1336-37 (internal citations omitted). Hill has cited no cases that address how *La Sala* or *Larner* can interact with *Kuahulu* and *Employers-Teamsters* in such a way as to permit substitution. Without more from Hill, the Court is required to follow *Kuahulu* and *Employers-Teamsters*.

In sum, Hill has entered into a settlement and signed a general release, which resolved "all of his claims against [Napa]." Doc. No. 11. Because no certification efforts have been made, the Court must dismiss this case as moot pursuant to *Kuahulu* and *Employers-Teamsters*. Therefore, Napa's Rule 12(b)(6) motion will be denied, Hill's Rule 15 motion to dismiss will be denied, and this case will be dismissed for lack of jurisdiction.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED as moot/lack of jurisdiction;
2. Defendant's Rule 12(b)(6) motion to dismiss (Doc. No. 16) is DENIED;
3. Hill's Rule 15 motion to amend (Doc. No. 18) is DENIED; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: August 5, 2019

_____
SENIOR DISTRICT JUDGE